[Civ. No. 55730. Second Dist., Div. Four. Apr. 11, 1980.]

JAMES NADON et al., Plaintiffs and Respondents, v.
CITY OF LOS ANGELES et al., Defendants and Appellants.

COUNSEL

Burt Pines, City Attorney, Norman L. Roberts, Assistant City Attorney, and James T. Adams, Deputy City Attorney, for Defendants and Appellants.

George Shibata, John J. Spiezia, Gary Mohi and Thomas Mulligan for Plaintiffs and Respondents.

OPINION

**KINGSLEY, Acting P. J.**—Defendants City of Los Angeles and its treasurer appeal from a judgment awarding damages for loss of property in a sale foreclosing an improvement bond. We reverse the judgment.

In 1967 plaintiffs became the owners of a tract of land located in the City of Los Angeles and duly recorded their deeds on December 4, 1967. They paid one installment of taxes for the year 1967-1968, but otherwise did not pay property taxes. In 1970, pursuant to a demand from the holder of a bond issued for an assessment made on the property under the Improvement Act of 1911, the treasurer issued a notice of foreclosure, addressed to the owners as shown on the assessment rolls of the county tax assessor, at the addresses shown on such rolls. Those rolls did not reflect that the owners there shown were not the plaintiffs. The treasurer did not search the records in the recorder's office and had no notice of plaintiffs' actual ownership. No notices were ever served on plaintiffs. Thereafter, the usual course of foreclosure and sale took

place, resulting in the ultimate issuance, on November 26, 1971, of a treasurer's deed to Arthur E. Wennstrom, who duly recorded that deed on December 1, 1971.

On May 10, 1972, plaintiffs filed a claim for damages with the city; that claim was rejected on July 11, 1972. The present action was filed on January 11, 1973.

Originally the complaint sought relief against both the city and its treasurer and against Wennstrom. After a demurrer by Wennstrom was sustained with leave to amend, plaintiffs failed to amend and the action has been dismissed as against Wennstrom. Demurrers by the city and the treasurer were overruled and plaintiffs have recovered judgment against those defendants for the stipulated value of the property. We reverse that judgment.

On this appeal, defendants urge: (1) that the action was barred by the statute of limitations contained in section 6571 of the Streets and Highways Code as it stood at the times herein involved; (2) that the treasurer was under no duty to give notice to anyone other than the owner appearing on the tax rolls; (3) that, in any event, the foreclosure and deed were valid; (4) that, in any event, the city and the treasurer are immune from liability for their acts; and (5) that plaintiffs' sole remedy was an action against Wennstrom to quiet title.

I

We conclude that the city and its treasurer are immune from liability to plaintiffs in this action.

Section 860.2 of the Government Code provides as follows: "Neither a public entity nor a public employee is liable for an injury caused by:

"(a) Instituting any judicial or administrative proceeding or action for or incidental to the assessment or collection of a tax.

"(b) An act or omission in the interpretation or application of any law relating to a tax." Plaintiffs seek to avoid the bar of that statute on the theory that the assessment herein involved is not a "tax." However, section 860 of the Government Code expressly refutes that contention. Section 860 reads as follows: "As used in this chapter, 'tax' includes a tax, assessment, fee or charge."

## II

We also agree with the present defendants that plaintiffs did have, and that it was the sole, remedy for them, i.e., a suit against Wennstrom for quiet title. We recognize that, as it stood at the times herein involved, section 6502 of the Streets and Highways Code provided as follows: "The failure of the property owner to receive the notice shall not affect the validity of the sale nor invalidate any subsequent act or proceeding." However, in *Johnson* v. *Alma Investment Co.* (1975) 47 Cal.App.3d 155 [120 Cal.Rptr. 503], the court was faced with a situation involving the same problem as faces us here. In that case, although the address of the true owner was known to the tax assessor, notices of delinquency and sale under a similar assessment lien were not sent to him. The owner sued the purchaser at the sale in quiet title and the appellate court allowed recovery conditioned on the owner reimbursing the purchaser for his payment at the sale with interest. In so holding, the court held that a procedure which did not provide for notice to the owner when his name and address were ascertainable, violated fundamental due process. We regard that decision as applicable here. Had the plaintiffs pursued their action against Wennstrom they would have been made whole, the city (already paid by Wennstrom) would have also been made whole, and Wennstrom, recovering his payment with interest, would likewise have been made whole. But plaintiffs' failure to pursue their proper remedy does not entitle them to seek a recovery against the city and its treasurer that the Government Code expressly denies.

The judgment is reversed with directions to dismiss the action.

Jefferson (Bernard), J.,* and Burke (M. L.), J.,* concurred.

On May 1, 1980, the opinion was modified to read as printed above. Respondents' petition for a hearing by the Supreme Court was denied June 25, 1980. Bird, C. J., was of the opinion that the petition should be granted.

---

*Assigned by the Chairperson of the Judicial Council.