Ray G. NEWTON, Plaintiff,

v.

Jean POINDEXTER, Defendant.

Lawrence S. DEVORE, Plaintiff,

v.

Jean POINDEXTER, Defendant.

Bill L. HALLETT, Plaintiff,

v.

Jean POINDEXTER, Defendant.

Anthony S. MONTELEONE, Plaintiff,

v.

Jean POINDEXTER, Defendant.

John R. MAYNARD, Plaintiff,

v.

Jean POINDEXTER, Defendant.

Alonzo ABRAMS, Jr., Plaintiff,

v.

Jean POINDEXTER, Defendant.

Teresa J. SAMPLE, Plaintiff,

v.

Jean POINDEXTER, Defendant.

Regena F. ALLDREDGE, Plaintiff,

v.

Jean POINDEXTER, Defendant.

James W. SLAYDON, Plaintiff,

v.

Jean POINDEXTER, Defendant.

Nos. Civ.S–83–980, 1041, 1054, 1076, 1110, 1126, 1179, 1180, 1213 RAR.

United States District Court, E.D. California.

Jan. 18, 1984.

---

Derry L. Knight and Robert D. Milam, Deputy Attys. Gen., Sacramento, Cal., for defendant.

## MEMORANDUM AND ORDER

RAMIREZ, District Judge.

The motion of the defendant to dismiss for lack of subject matter jurisdiction came on specially for hearing on December 16, 1983.[1] Derry L. Knight and Robert D. Milam, Deputies Attorney General, appeared on behalf of the defendant and moving party. Plaintiffs, and each of them, having had appropriate notice of the defendant's motion, failed to appear or otherwise file a timely opposition to the motion to dismiss. Having read and considered the memoranda submitted by counsel, the attachments thereto, the pleadings, and the arguments of counsel, the Court now renders the following Memorandum and Order:

## FACTUAL BACKGROUND

From the complaint and the exhibits attached thereto, it appears that plaintiffs have filed Employees' Withholding Allowance Certificates with their employers in which each of the plaintiffs assert that he/she is exempt from withholding requirements. *See* Cal.Unemp.Ins.Code §§ 13040 and 13026. It further appears that the defendant, an employee of the Franchise Tax Board, a California state agency, sent the plaintiffs a letter acknowledging receipt of the plaintiffs' Withholding Allowance Certificates and requesting verification of the claim that he/she was exempt from withholding. When the verification requested was not forthcoming, the defendant sent the plaintiffs' various employers a letter instructing each employer to disregard the Withholding Allowance Certificates submitted by the plaintiffs and to treat the plaintiffs, for purposes of withholding, as single individuals with no dependents. Cal.Unemp.Ins.Code § 13040(b). In response thereto, plaintiffs commenced these actions for damages against the defendant, alleging that defendant had violated rights guaranteed to plaintiffs by the United States Constitution. 42 U.S.C. § 1983.

## JURISDICTION

■ Plaintiffs premise jurisdiction over the subject matter of this action on 28 U.S.C. §§ 1331, 1340, and 1361. For reasons as more particularly stated herein, the Court finds that neither § 1340 nor § 1361 have any application to the present set of facts. By its terms, 28 U.S.C. § 1340 applies only to actions arising under an "Act of Congress providing for internal revenue." In the present case, defendant is not alleged to have acted pursuant to an Act of Congress but rather pursuant to an unconstitutional state statute. Likewise, with regard to 28 U.S.C. § 1361, said section applies only to actions brought against "an officer or employee of the United States." From the contents of the complaint, it appears that defendant is not alleged to have been an officer or employee of the United States, but rather, an officer or employee of the State of California. For this reason, Section 1361, 28 U.S.C., has no application to the present facts. Although plaintiffs have inappropriately premised the Court's jurisdiction over the subject matter of this action on 28 U.S.C. §§ 1340 and 1361, the Court finds that subject matter jurisdiction is properly invoked pursuant to 28 U.S.C. Section 1331. *See also* 28 U.S.C. § 1343(3).

## DISCUSSION

### I

The defendant contends that the district court is barred from exercising jurisdiction over this action by 28 U.S.C. § 1341:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under any State law where a plain, speedy and efficient remedy may be had in the courts of such State.

The precise question presented, then, is whether this statute, couched in terms of an injunction, has any application to an action for damages under 42 U.S.C. § 1983.

---

1. This case is one of nine cases in which the factual allegations and legal contentions are identical. The defendant filed the same motion to dismiss in each case. The Court ordered the defendant to calendar all motions for attorneys' fees for hearing on a single day.

This question has been specifically reserved by the United States Supreme Court:

> Because we decide today that the principle of comity bars the federal courts from granting damages relief in such cases, we do not decide whether the [Tax Injunction] Act, standing alone, would require such a result.

*Fair Assessment in Real Estate Assn. v. McNary,* 454 U.S. 100, 102 S.Ct. 177, 181, 70 L.Ed.2d 271 (1981). Moreover, the United States Court of Appeals for the Ninth Circuit has not explicitly addressed the issue. *See Wood v. Sargeant,* 694 F.2d 1159 (9th Cir.1982) (injunctive & declaratory relief); *Hawaiian Telephone Co. v. State Department of Labor,* 691 F.2d 905 (9th Cir.1982) (injunctive & declaratory relief); *Dillon v. Montana,* 634 F.2d 463 (9th Cir. 1980) (injunction & refund); *Kelly v. Springett,* 527 F.2d 1090 (9th Cir.1975) (refund). *See also Shell Petroleum, N.V. v. Graves,* 709 F.2d 593 (9th Cir.1983); *Capitol Industries—EMI, Inc. v. Bennett,* 681 F.2d 1107 (9th Cir.1982). Because this Court finds that there is yet another dispositive basis on which to conclude that this Court lacks subject matter jurisdiction, the Court will refrain from deciding that which has been reserved and/or avoided by the appellate courts.

▮ Federal district courts are courts of limited jurisdiction, and the court is under a continuing duty to evaluate its own jurisdiction. *See Augustine v. United States,* 704 F.2d 1074 (9th Cir.1983). Thus, even though the defendant has not raised the issue, this Court will dismiss the present action for lack of subject matter jurisdiction *sua sponte* on the grounds that the principle of comity bars the exercise of district court jurisdiction. *Fair Assessment in Real Estate Assn. v. McNary,* 454 U.S. 100, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981).

*Fair Assessment* involved an action by owners of real property in the State of Missouri against various state and county officials in which the plaintiffs alleged that the defendants had deprived them of equal protection and due process by unequal taxation of real property. The plaintiffs sought both actual damages, measured by the amount of the overassessments, and punitive damages. The United States Supreme Court squarely held that the federal district court could not exercise jurisdiction over such a suit:

> [W]e hold that taxpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts. Such taxpayers must seek protection of their federal rights by state remedies, *provided of course that those remedies are plain, adequate and complete,* and ultimately seek review of the state decisions in this Court. (Emphasis added)

*Fair Assessment in Real Estate Assn. v. McNary,* 102 S.Ct. at 186.

The holding of *Fair Assessment* is, of course, binding on this Court and is completely dispositive of this action, provided that the California state remedies are "plain, adequate and complete." The Court has held that "plain, adequate and complete" for the purposes of comity means precisely what "plain, speedy and efficient" means for purposes of the Tax Injunction Act. *Fair Assessment in Real Estate Assn. v. McNary,* 102 S.Ct. at 186, n. 8. *But see Rosewell v. LaSalle National Bank,* 450 U.S. 503, 524–527, 101 S.Ct. 1221, 1234–1236, 67 L.Ed.2d 464 (1981). The defendant contends that California's remedies have been uniformly held to be plain, speedy and efficient. *Capitol Industries—EMI, Inc. v. Bennett,* 681 F.2d 1107 (9th Cir.1982); *Wood v. Sargeant,* 694 F.2d 1159 (9th Cir.1982); *Randall v. Franchise Tax Board,* 453 F.2d 381 (9th Cir.1971); *Aronoff v. Franchise Tax Board,* 348 F.2d 9 (9th Cir.1965). The cases relied upon by the defendant, however, did not involve a prayer for compensatory damages.

California law provides for an administrative hearing on a taxpayer's protest of a deficiency assessment proposed by the Franchise Tax Board before payment of the assessment, Cal.Rev. & Tax.Code §§ 18590, *et seq.,* but does not appear to

provide for a hearing, administrative or judicial, on a taxpayer's claim of exemption from withholding prior to the Franchise Tax Board's direction to the employer to disregard the taxpayer's withholding certificate. Cal.Unemp.Ins.Code § 13040(b); Cal.Rev. & Tax.Code § 18820. California law also provides for a suit for refund after the payment of taxes:

[A]fter payment of the tax and denial by the Franchise Tax Board of a claim for refund, any taxpayer claiming that the tax computed and assessed against him under this part is void in whole or in part may bring an action upon the grounds set forth in his claim for refund, against the Franchise Tax Board for the recovery of the whole or any part of the amount paid.

Cal.Rev. & Tax.Code § 19082. This right to sue for a refund is fully applicable to claims for excessive and wrongful withholding. Cal.Rev. & Tax.Code § 18820. There appears to be no limitation on the grounds upon which a taxpayer can claim entitlement to a refund. Cal.Rev. & Tax. Code § 19055. It appears that the taxpayer is entitled to a judicial determination of the merits of his contentions. Cal.Rev. & Tax.Code § 19088. The remedy available to a successful taxpayer is limited to a refund of the sums wrongfully assessed and collected, plus interest. Cal.Rev. & Tax.Code § 19091. The successful taxpayer may not, however, obtain damages, at least as a matter of California law. Cal. Gov't Code § 860.2, *Nadon v. City of Los Angeles*, 104 Cal.App.3d 487, 163 Cal.Rptr. 582 (1980). The narrow question, therefore, is whether a state remedy that does not provide for compensatory damages is plain, speedy, and efficient.

The United States Supreme Court has construed the "plain, speedy and efficient" language of the Tax Injunction Act to mean state remedies that meet procedural minima: a full hearing and, ultimately, a judicial determination of the controversy. *Rosewell v. LaSalle National Bank*, 450 U.S. 503, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981) (an action for injunctive relief). In *Rosewell*, the plaintiff claimed that the Illi-

nois remedy was inadequate because the taxpayer had to pay the assessment on his property before obtaining a hearing on his contention that the assessment was unlawful, because the process took two years, and because the state did not pay a successful protestant interest on the wrongfully collected assessments. The Court found that, notwithstanding these deficiencies, the Illinois remedy was plain, speedy, and efficient. The Court concluded, on the basis of the plain language of the statute, the legislative history, and the policy which the Tax Injunction Act implements, that the phrase should be read as imposing strictly procedural requirements on the states.

The Court's treatment of the plaintiff's claim that the failure to pay interest rendered the state remedy inadequate is particularly instructive. Insofar as the plaintiff might have asserted a federal right to interest on refunded excessive assessments (which she did not), the Court noted that the Illinois proceedings afforded her an adequate opportunity to assert that federal right. Insofar as the plaintiff claimed that the state's failure to pay interest rendered the state's remedy inadequate as a matter of traditional equity jurisprudence, the Court concluded that Congress surely knew that many states did not allow for interest on refunds when it enacted the Tax Injunction Act. From that, the Court inferred a Congressional intendment to adopt extant state remedies as "plain, speedy and efficient." The Court in *Rosewell* quotes the Senate Report on the statute as follows:

When it passed the Act, Congress knew that state tax systems commonly provided for payment for taxes under protest with subsequent refund as their exclusive remedy. The Senate Report to the Act noted:

"It is the common practice for statutes of the various States to forbid actions in State courts to enjoin the collection of State and county taxes unless the tax law is invalid or the property is exempt from taxation, and these statutes generally provide that taxpayers may contest their taxes only in refund

actions after payment under protest. This type of State legislation makes it possible for the States and their various agencies to survive while long-drawn-out tax litigation is in progress." S.Rep. No. 1035, 75th Cong., 1st Sess., 1 (1937). 450 U.S. at 523, 101 S.Ct. at 1234. If Congress knew that the states commonly provided a refund action as the "exclusive remedy" for the erroneous or wrongful collection of taxes, and Congress intended extant state remedies to constitute the standard for "plain, speedy and efficient" remedies, then the failure of the state to provide compensatory damages could not make the state remedy opaque, protracted, or inefficient.

Similarly, assuming *arguendo* that the successful protestant has a federal right to compensatory damages, *see Carey v. Piphus*, 435 U.S. 247, 262, 98 S.Ct. 1042, 1051, 55 L.Ed.2d 252 (1978), then the state courts will respect and enforce that right. U.S. Const., art. 6, cl. 2. The right to compensatory damages would, on the basis of the teaching of *Rosewell*, be a substantive right that may be vindicated in state proceedings.

■ Whatever the nature of the plaintiffs' desired remedies, the state remedy is adequate so long as it includes, at a minimum, a forum for the hearing of the protestant's grievances, state and federal, and a judicial officer. California's remedial provisions clearly meet these criteria. Therefore, as a matter of law, California's remedies are "plain, speedy and efficient" and this Court therefore lacks subject matter jurisdiction to adjudicate plaintiffs' causes of action.

## II

The plaintiffs' response to the defendant's motion to dismiss did not address the question of the court's jurisdiction over the subject matter of the action. Rather, the plaintiffs have opposed the defendant's motion on two grounds: (1) the motion cannot be granted because the defendant is not entitled to be represented by counsel in actions at law, and (2) a motion to dismiss is inappropriate in an action at law because it deprives the plaintiffs of their right to a trial by jury. Because these two contentions have been reiterated with surprising frequency of late, the Court will address them in turn.

■ Plaintiffs have not supplied the Court with any authority for the proposition that a defendant is not entitled to representation by counsel in an action at law, and a diligent search by the Court has not discovered any such authority. On the contrary, the law appears to be well-settled that a defendant in a civil action who can afford to hire counsel is entitled to do so. Section 1654, 28 U.S.C., provides:

In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

This statute, by its terms, applies to both civil and criminal actions; equally, it applies to both legal and equitable actions. The right to representation by counsel may have even a stronger foundation than statute; it may be constitutionally guaranteed by the due process clause of the Fifth Amendment. *Doe v. District of Columbia*, 697 F.2d 1115, 1119 (D.C.Cir.1983); *Potashnick v. Port City Construction Co.*, 609 F.2d 1101, 1117 (5th Cir.1980). In any event, this Court is constrained to find that the defendant has a right to appear by counsel if defendant so chooses, and defendant's appearance by counsel does not jeopardize the legitimacy of these proceedings.

Plaintiffs' responsive papers are equally devoid of authority for their contention that motions to dismiss pursuant to Federal Rule of Civil Procedure 12 violate plaintiffs' right to a jury trial. It appears to the Court, however, that the plaintiffs' contention proceeds from a fundamental misapprehension of the respective roles of the court and the jury. Plaintiffs apparently contend that it is the right and the obliga-

tion of the jury to decide every issue, both factual and legal, raised by a claim.

■ It is well-settled that questions of law are for the court and questions of fact are for the jury. A litigant is entitled to a jury trial if and only if there are material issues of fact in dispute. *Parklane Hosiery Co, Inc. v. Shore*, 439 U.S. 322, 336, 99 S.Ct. 645, 654, 58 L.Ed.2d 552 (1979); *In re Peterson*, 253 U.S. 300, 310, 40 S.Ct. 543, 546, 64 L.Ed. 919 (1920). If there are no material issues of fact in dispute, then the dispute is a legal one, which must be resolved by the Court.

Although motions to dismiss for lack of subject matter jurisdiction can involve the resolution of disputed factual issues, *Thornhill Publishing Co. v. General Telephone & Electronics Corp.*, 594 F.2d 730 (9th Cir.1979), the defendant's motion to dismiss in this case involved no disputed factual issues. Plaintiffs' own complaint alleges that the alleged deprivations of constitutional rights occurred in the course of the enforcement of California's revenue laws. Those laws may or may not be constitutional, but this Court does not have the jurisdiction to decide the question. The content of California's revenue laws are certainly not in dispute, and, given the United States Supreme Court's pronouncements on "plain, speedy and effective" state remedies, the adequacy of California's laws is purely a legal question.

■ The fact that a motion to dismiss may not have existed in 1791 is, of course, of no moment. The United States Supreme Court has repeatedly held that the Seventh Amendment did not freeze the forms of practice and procedure extant in 1791. *Parklane Hosiery Co., Inc. v. Shore, supra; Galloway v. United States*, 319 U.S. 372, 63 S.Ct. 1077, 87 L.Ed. 1458 (1943); *In re Peterson, supra.* "[The Seventh Amendment] does not prohibit the introduction of new methods for ascertaining what facts are in issue...." *Gasoline Products Co. v. Champlin Refining Co.*, 283 U.S. 494, 51 S.Ct. 513, 75 L.Ed.2d 1188 (1931). In the instant case, were there any issues of fact in dispute, were the resolution of

such disputes within the Court's competence, plaintiffs would be entitled to a jury trial. There being no such disputes, plaintiffs have no right to a jury trial. Plaintiffs' objection to the Court's determination of that issue is, therefore, without merit.

For the reasons stated herein, the defendant's motion to dismiss is granted, and the actions, and each of them, are ordered dismissed with prejudice.