[No. A025845. First Dist., Div. Two. July 8, 1986.]

DANIEL L. MITCHELL et al., Plaintiffs and Appellants, v.
FRANCHISE TAX BOARD, Defendant and Respondent.

COUNSEL

Leslie Zablen for Plaintiffs and Appellants.

John K. Van de Kamp, Attorney General, and Tyler B. Pon, Deputy Attorney General, for Defendant and Respondent.

OPINION

**SMITH, J.**—Daniel L. Mitchell and Wendy Mitchell appeal from a judgment of dismissal entered after the sustaining of the demurrer of defendant, State of California Franchise Tax Board (FTB), to their second amended complaint without leave to amend. We affirm.

On November 23, 1982, plaintiffs filed a complaint for damages against the State of California and various individual defendants (apparently employees of the FTB), attempting to state causes of action for negligence, slander of title and interference with credit relations arising out of a California personal income tax proposed assessment and a tax lien placed on plaintiffs' property by defendants. On March 16, 1983, the demurrer of the State of California to this complaint was sustained with 20 days' leave to amend.

On April 5, 1983, plaintiffs filed a first amended complaint against the FTB and six of its employees, attempting to state causes of action for negligence, interference with credit relations and the taking of property without due process of law. On July 28, 1983, the demurrer of the FTB to this complaint was sustained with 30 days' leave to amend.

On September 1, 1983, plaintiffs filed a second amended complaint against the FTB and six of its employees, attempting to state causes of action for negligence, slander of title, interference with credit relations and the taking of property without due process of law.

The second amended complaint alleged as follows: On or about April 13, 1982, and thereafter, plaintiffs owned real property in Berkeley and plaintiff Daniel Mitchell owned real property in Alameda. On or about April 9, 1975, plaintiffs were notified that defendants proposed a deficiency tax assessment against them for 1972. Within 60 days of said notice, plaintiffs filed with the FTB a written protest of the proposal and demanded an oral hearing. Thereafter defendants failed and refused to perform their ministerial duties prescribed by Revenue and Taxation Code section 18590 et seq. to reconsider the proposed deficiency assessment; to grant plaintiffs a hearing; to notify plaintiffs of the action, if any, taken by defendants on plaintiffs' protest; and to afford plaintiffs the right to appeal to the State Board of Equalization. Defendants knew or should have known that they had assessed no additional 1972 income tax against plaintiffs, and that plaintiffs owed no personal income tax for that or any other year. On or about April 13, 1982, defendants negligently, carelessly and unlawfully caused to be filed a false and unfounded tax lien for alleged delinquencies in payment of personal income taxes ($15,920.87 for 1972 and $20.21 for 1980) to encumber all property owned by each plaintiff.

On or about June 4, 1982, plaintiffs filed a claim for damages with the State of California, pursuant to Government Code section 910 et seq., which was subsequently denied.

Plaintiffs further alleged that by virtue of the above-described acts defendants had interfered with plaintiffs' financing of their real property, slandered the title to plaintiffs' real property, interfered with plaintiffs' credit and deprived plaintiffs of their rights to due process of law. They also alleged that the acts of defendants were willful, wanton and malicious and sought punitive damages against the defendants other than the FTB.

On October 11, 1983, the FTB filed a demurrer to the second amended complaint on the grounds that it failed to state a cause of action and that the court lacked jurisdiction to hear the case. The trial court sustained this demurrer without leave to amend and, on November 9, 1983, entered a judgment of dismissal in favor of the FTB.[1] The court stated as the bases for its ruling that the second amended complaint failed to state a cause of

---

[1]Only the Mitchells and the FTB are parties to this appeal. Apparently, the other defendants were never served. In any event, they are not before us on this appeal.

action and the court lacked jurisdiction, citing Government Code section 860.2,[2] and article XIII, section 32 of the California Constitution. A timely notice of appeal was filed on January 3, 1984.

■    We agree with the trial court's conclusion that plaintiffs' second amended complaint is barred by the provisions of section 860.2. We therefore need not consider the other arguments urged by the FTB in support of the judgment below.[3]

Section 860.2 provides: "Neither a public entity nor a public employee is liable for an injury caused by: [¶] (a) Instituting any judicial or administrative proceeding or action for or incidental to the assessment or collection of a tax. [¶] (b) An act or omission in the interpretation or application of any law relating to a tax." The FTB contends that the claims which plaintiffs seek to assert fall squarely within the express language of section 860.2 and that the FTB is therefore immune from liability.

Plaintiffs do not argue that their claims do not fall within the literal language of section 860.2. They contend, rather, that this section should be construed to provide immunity for discretionary acts only, not for ministerial acts.

Plaintiffs rely upon the Senate Legislative Committee comment to section 860.2, which refers the reader to the Senate Legislative Committee comment to section 860. That comment provides in relevant part: "This chapter [including section 860.2] confers immunity upon public employees and public entities for their discretionary acts in the administration of tax laws." Professor Van Alstyne[4] has observed, however, that "[t]he Legislative Committee Comment suggests the immunity was intended to relate only to 'discretionary acts in the administration of tax laws.' The wording, however, contains no such limitation and literally grants immunity whether the act or omission is discretionary or ministerial."

When statutory language is clear and unambiguous there is no need for construction, and courts should not indulge in it. (*Solberg* v. *Superior Court*

---

[2] All further statutory references are to the Government Code.

[3] The FTB has also argued that the judgment is correct because plaintiffs failed to exhaust their administrative remedies; plaintiffs' exclusive judicial remedy is a suit for a tax refund; and plaintiffs' action is one to enjoin the collection of a tax and is therefore barred by article XIII, section 32 of the California Constitution.

[4] Professor Arvo Van Alstyne was a consultant to the California Law Revision Commission during the drafting of the California Tort Claims Act of 1963 and is the author of California Government Tort Liability Practice (Cont.Ed.Bar 1980). Although section 860.2 is part of the Tort Claims Act, "[t]his section was not recommended by the Law Revision Commission. It was added by the Senate. (Senate J., Apr. 3, 1963, p. 1279)." (Cal. Government Tort Liability Practice, *supra*, p. 686, appen., note 1 to § 860.2.)

(1977) 19 Cal.3d 182, 198 [137 Cal.Rptr. 460, 561 P.2d 1148]; *Caminetti* v. *Pac. Mutual L. Ins. Co.* (1943) 22 Cal.2d 344, 353-354 [139 P.2d 908].) The language of section 860.2 is clear and unambiguous.[5] It makes no distinction between discretionary and ministerial acts. We must therefore reject plaintiffs' request that we indulge in construction and interpret section 860.2 to apply only to discretionary acts.[6]

Plaintiffs also contend that the trial court abused its discretion in denying leave to amend. The sustaining of a demurrer without leave to amend "is unwarranted, and ordinarily constitutes an abuse of discretion, if there is a reasonable possibility that the defect can be cured by amendment." (5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 942, p. 377.) Plaintiffs here were granted leave to amend twice. They have filed three complaints, each of which was based upon essentially the same facts. We have determined that the FTB is immune from liability predicated upon those facts. It is not reasonably probable that the defect in plaintiffs' second amended complaint can be cured by amendment, and the court below did not abuse its discretion in denying leave to amend.

The judgment is affirmed.

Kline, P. J., and Rouse, J., concurred.

---

[5]Very few cases have dealt in any way with section 860.2, and we have found none which discuss whether there is any room for construction of this section. The two cases which have come to our attention have found immunity under section 860.2 with virtually no discussion. (See *Nadon* v. *City of Los Angeles* (1980) 104 Cal.App.3d 487 [163 Cal.Rptr. 582] [city and its treasurer immune from liability for loss of property in sale foreclosing improvement bond]; *Newton* v. *Poindexter* (E.D.Cal. 1984) 578 F.Supp. 277, 281 [taxpayer claiming exemption from withholding which has already occurred may sue for refund but "[t]he successful taxpayer may not, however, obtain damages, at least as a matter of California law. Cal. Gov't Code § 860.2, *Nadon* v. *City of Los Angeles* [citation]."])

[6]Plaintiffs also rely upon Professor Van Alstyne's statement that in view of the legislative comment the immunity of section 860.2 "appears to have been conceived, and presumably should be construed, as a particular application of the discretionary immunity granted by Govt C § 820.2 . . . . Ministerial negligence, for example, or a negligent failure to carry out mandatory duties in the administration of tax laws, may not be within the scope of the immunity. [Citations.]" (Cal. Government Tort Liability Practice, *supra*, p. 411.) Such a construction is possible only, of course, if there is room for construction of the statute. As we have already noted, Professor Van Alstyne has also recognized that the wording of section 860.2 in no way contains a limitation to discretionary acts. It is because the statute is clear and unambiguous that we conclude that it admits of no construction by the courts.