[No. B205201. Second Dist., Div. Six. Dec. 16, 2008.]

LARRY GUEVARA, Plaintiff and Appellant, v.
VENTURA COUNTY COMMUNITY COLLEGE DISTRICT et al.,
Defendants and Respondents.

COUNSEL

Stone Busailah, Michael P. Stone and Marc J. Berger for Plaintiff and Appellant.

Walsh & Associates, Dennis J. Walsh and George E. Ordonez for Defendants and Respondents.

OPINION

**GILBERT, P. J.**—A college district fires its police officer employee. The police officer files a federal civil rights action and petition for administrative mandamus in federal court. The federal district court dismisses the action without prejudice.

 Here we hold the statute of limitations applicable to the state action was tolled under 28 United States Code section 1367.

Plaintiff Larry Guevara appeals a judgment after the trial court sustained a demurrer without leave to amend on his wrongful employment termination action against defendants Ventura County Community College District (the District), the Personnel Commission of the Ventura County Community College District (the Commission), James Botting, James Mesnek, Bill Studt and Sue Johnson. We conclude, among other things, that Guevara's action is not barred by the statute of limitations. It was filed within the 30-day federal tolling period for civil rights actions (42 U.S.C. § 1983) which have been dismissed because they were filed prematurely in federal court. (28 U.S.C. § 1367(d).) We reverse.

## FACTS

Guevara was a police officer employed by the District. He was also the president of the Ventura County Community College Peace Officers' Association (POA). On behalf of the POA, he complained about corruption, mismanagement and discrimination committed by campus police department supervisory personnel.

On July 21, 2005, the District notified Guevara that he had committed misconduct and terminated his employment. Guevara appealed.

A hearing officer ruled that there was no cause for his termination and he should be reinstated with backpay. On November 21, 2006, the Commission reversed the decision of the hearing officer and ruled that he should be fired.

On February 15, 2007, Guevara filed a federal civil rights action (42 U.S.C. § 1983) combined with a petition for administrative mandamus (Code Civ. Proc., § 1094.5) to review the Commission's decision in the federal district court.[1] He alleged that District defendants had "intentionally terminated his employment in retaliation for his exercise of his freedom of speech under the First Amendment." He also alleged the federal court had "supplemental jurisdiction" to decide his "state law claims" under 28 United States Code section 1367.

On May 22, 2007, the federal court dismissed his action for failure to exhaust state court judicial remedies. It ruled, "Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE to Plaintiff's filing of a renewed federal civil rights claim after such time as he has exhausted his judicial remedies through the filing of a mandamus action in state court."

On June 19, 2007, Guevara filed a superior court action with causes of action for administrative mandamus (§ 1094.5), violation of his federal constitutional rights (42 U.S.C. § 1983), and wrongful termination. On September 14, 2007, he filed an amended complaint.

The District filed a demurrer claiming, among other things, that Guevara's action was barred by the running of the 90-day statute of limitations to file a petition for writ of administrative mandamus to review the Commission's termination decision. (§ 1094.6.)

In his opposition Guevara claimed his action was timely because he filed it within 30 days from the federal court dismissal order as permitted by the federal tolling statute. (28 U.S.C. § 1367(d).)

The trial court sustained the demurrer without leave to amend.

## DISCUSSION

### I. *The Statute of Limitations and the Federal Tolling Statute*

Guevara contends that the trial court erred by sustaining the demurrer without leave to amend and that his administrative mandamus action was not barred by the statute of limitations. He claims that after his federal civil rights action was dismissed by the federal court, he timely filed his state court action within the 30-day tolling period of 28 United States Code section 1367(d). We agree.

---

[1] All further statutory references are to the Code of Civil Procedure unless stated otherwise.

The Commission issued its decision against Guevara on November 21, 2006. Under California law, he had 90 days to file an administrative mandamus action to review that decision. (§§ 1094.5, 1094.6.)

On February 15, 2007, within that 90-day period, Guevara filed a federal civil rights action (42 U.S.C. § 1983) combined with a state administrative mandamus claim to review the Commission's decision in the federal district court. He claims his state law employment termination causes of action and his federal civil rights action are based on the same facts and involve retaliatory conduct for the exercise of his First Amendment rights. He sought to pursue all his claims in federal court.

The United States Supreme Court "has long adhered to principles of pendent and ancillary jurisdiction by which the federal courts' original jurisdiction over federal questions carries with it jurisdiction over state law claims that 'derive from a common nucleus of operative fact.' " (*Chicago v. International College of Surgeons* (1997) 522 U.S. 156, 164–165 [139 L.Ed.2d 525, 118 S.Ct. 523].) But federal courts "can decline to exercise jurisdiction over pendent claims for a number of valid reasons . . . ." (*Id.* at p. 172.) This could be problematic for parties deciding in which forum to file their claims while the statute of limitations is running.

But when the federal court dismissed Guevara's action without prejudice, he fell within 28 United States Code section 1367, a provision enacted to protect parties who decide initially to litigate their federal and state law claims in federal court. (*Jinks v. Richland County* (2003) 538 U.S. 456, 464 [155 L.Ed.2d 631, 123 S.Ct. 1667].)

Title 28 United States Code section 1367(a) provides in relevant part, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ."

Subdivision (d) of 28 United States Code section 1367 states, "The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), *shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.*" (Italics added.) This provides "assurance that state-law claims asserted under § 1367(a) will not become time barred while pending in federal court." (*Jinks v. Richland County, supra*, 538 U.S. at p. 464.)

The District contends that Guevara did not timely file his state court action after the federal court dismissed his case. It notes that he filed his federal

action 86 days after the Commission's decision. It argues that because the federal court entered its dismissal order on May 22, 2007, applying the state's 90-day statute of limitations means Guevara "had 4 more days to file his writ in State court." We disagree. This position undermines the 30-day tolling period provided by federal law. (28 U.S.C. § 1367(d).) Where state tolling provisions conflict with the tolling provisions of 28 United States Code section 1367, state "courts must yield to the enactments of Congress." (*Jinks v. Richland County, supra*, 538 U.S. at p. 466.) Guevara filed his state court action on June 19, 2007, which was within the 30-day tolling period of section 1367(d).

■ The District argues that 28 United States Code section 1367 does not apply. It claims that this provision involves actions where the federal "district courts have original jurisdiction," and this is not such a case. Again, we disagree. Federal courts have original jurisdiction to decide cases brought pursuant to 42 United States Code section 1983. (*Gibson v. City of Glendale Police Dept.* (E.D.Wis. 1992) 786 F.Supp. 1452, 1455; *Hagans v. Lavine* (1974) 415 U.S. 528, 538 [39 L.Ed.2d 577, 94 S.Ct. 1372].) Guevara filed a claim under that section.

The District suggests that *Miller v. County of Santa Cruz* (9th Cir. 1994) 39 F.3d 1030 supports its claim that the federal court lacks original jurisdiction. In *Miller*, a fired county employee filed a 1983 claim in federal court. He did not pursue administrative mandamus review of the decision upholding his termination. The administrative decision was final and not subject to further review. The issue in *Miller* was whether the failure to file a timely mandamus action under section 1094.5 barred his federal action on res judicata grounds. The Ninth Circuit ruled that as a matter of "comity," it would follow California procedure. It said, "[W]e will defer to the considered judgment of the courts of California that an unreviewed agency determination . . . is equivalent to a state court judgment entitled to res judicata and collateral estoppel effect." (*Miller*, at p. 1038.)

Here, by contrast, Guevara raised a section 1094.5 administrative mandamus claim in his federal action. The Commission's decision, unlike the decision in *Miller*, was not final and was subject to court review when Guevara filed his federal action. The federal district court, relying on *Miller*, ruled that Guevara should have first filed the mandamus review in state court. It dismissed his action "without prejudice" to allow him to do so. The *Miller* case, however, did not involve the application of 28 United States Code section 1367 to parties who first file their 1094.5 administrative mandamus reviews in federal court. Nor did it have anything to do with whether the federal court had original jurisdiction.

■ But three years after the *Miller* decision, the United State Supreme Court held, "There is nothing in the text of § 1367(a) that indicates an exception to supplemental jurisdiction *for claims that require on-the-record review of a state or local administrative determination.*" (*Chicago v. International College of Surgeons, supra*, 522 U.S. at p. 169, italics added.) "Instead, the statute generally confers supplemental jurisdiction over 'all other claims' in the same case or controversy as a federal question, without reference to the nature of review. Congress could of course establish an exception to supplemental jurisdiction for claims requiring deferential review of state administrative decisions, *but the statute, as written, bears no such construction.*" (*Ibid.*, italics added.)

The District contends that the federal court said there was "no original jurisdiction in this court" when it dismissed his case. It argues that this finding is final, binding and it means that Guevara is entitled to no relief under 28 United States Code section 1367. In its dismissal order, the federal court stated, among other things, "To the extent that Plaintiff's § 1983 claims are barred by the doctrines of claim and/or issue preclusion, there is no viable federal cause of action and therefore no original jurisdiction in this court."

Guevara responds that the court's loose and passing reference to the term "jurisdiction" was in the context of discussing cases where the administrative mandamus claim was time-barred before the federal action was filed. But that is not the case here. He contends that the federal court's dismissal was based on the prematurity of his action, not jurisdiction. We agree.

The court stated, "Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE to Plaintiff's filing of a renewed federal civil rights claim after such time as he has exhausted his judicial remedies through the filing of a mandamus action in state court." Had the court lacked original subject matter jurisdiction over his 1983 action, it would have dismissed his case with prejudice and not allowed him to renew his action in federal court. Moreover, the federal court stated in another portion of its order that the "effect of an unreviewed administrative *decision is merely preclusive, not jurisdictional* . . . ." (Italics added.)

## II. *Equitable Tolling Under California Law*

■ Guevara contends that independent of the federal tolling issue, he is entitled to a reversal under the California doctrine of equitable tolling. We agree. "Three factors determine whether the statute of limitations is equitably tolled in a particular case: (1) timely notice to defendants in filing the first claim; (2) lack of prejudice to defendants in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by

plaintiffs in filing the second claim." (*Downs v. Department of Water & Power* (1997) 58 Cal.App.4th 1093, 1100 [68 Cal.Rptr.2d 590].)

Here the District had timely notice because the federal case was filed within the 90-day statute of limitations for reviewing state administrative decisions. (§ 1094.6.) The defendants were parties to that action and to the subsequent state case. Consequently they knew they would have to prepare a defense if the case went to trial in federal court, or if it had to be refiled in state court. Because the facts underlying the causes of action in the federal and state cases were the same, there was no prejudice to the defendants. (*Downs v. Department of Water & Power, supra,* 58 Cal.App.4th at p. 1102.)

On the third element, the District claims that Guevara acted unreasonably by initially filing the mandamus action in federal court. But he reasonably interpreted the *City of Chicago* decision to mean that he could file all his claims in that forum. Even if he was incorrect, his conduct was not in bad faith or unreasonable. The result he sought was consistent with the equitable tolling doctrine. A major reason for applying the doctrine is to avoid "the hardship of compelling plaintiffs to pursue several duplicative actions simultaneously on the same set of facts." (*Downs v. Department of Water & Power, supra,* 58 Cal.App.4th at p. 1100.) "[D]isposition of a case filed in one forum may render proceedings in the second unnecessary or easier and less expensive to resolve." (*Ibid.*) Moreover, his decision to rely on the express 30-day tolling provision of 28 United States Code section 1367 was reasonable.

### III. *Other Issues*

The District contends that sustaining the demurrer without leave to amend was proper because Guevara's complaint is defective. It claims his allegations are conclusory, and that he fails to state sufficient facts to support his causes of actions, to establish liability against the individual defendants or to avoid an immunity defense.

But at the demurrer hearing, the trial court did not rule on these issues. It said, "My tentative is to sustain the demurrer without leave to amend as a result of the failure to bring the action within the 90-day time requirement . . . ."

The District correctly notes that Guevara's complaint contains conclusory language. In his second cause of action (42 U.S.C. § 1983), he alleges that defendants conspired to terminate him for engaging in free speech. But Guevara had "to specify with particularity the overt acts allegedly committed by defendants in execution of the conspiracy." (*Haskins v. San Diego County Dept. of Public Welfare* (1980) 100 Cal.App.3d 961, 973 [161 Cal.Rptr.

385].) Guevara alleges in conclusory language that defendant Johnson, the District's associate vice-chancellor, and others "ratified the termination with knowledge of its wrongfulness." He does not, however, describe her conduct, her role in the conspiracy, her authority in the termination process or specify how her actions caused damages. But such pleading omissions are curable, and Guevara claims that he can amend his complaint to provide "greater specificity." He should be afforded an opportunity to do so. "The sustaining of a demurrer without leave to amend 'is unwarranted, and ordinarily constitutes an abuse of discretion, if there is a reasonable possibility that the defect can be cured by amendment.' " (*Mitchell v. Franchise Tax Board* (1986) 183 Cal.App.3d 1133, 1137 [228 Cal.Rptr. 750].)

The judgment is reversed. Costs on appeal are awarded in favor of appellant.

Coffee, J., and Perren, J., concurred.

A petition for a rehearing was denied January 14, 2009, and respondents' petition for review by the Supreme Court was denied March 11, 2009, S170044.