**Milton A. MILLER and Mandel M. Miller, Plaintiffs-Appellants,**

**v.**

**The CITY OF LOS ANGELES, a municipal corporation, Defendant-Appellee.**

**No. 83–5895.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 1984.

Decided March 22, 1985.

Michael M. Berger, Fadem, Berger & Nortone, Santa Monica, Cal., for plaintiffs-appellants.

Edward Dygert, Deputy City Atty., Los Angeles, Cal., for defendant-appellee.

Before TANG, SKOPIL, and POOLE, Circuit Judges.

SKOPIL, Circuit Judge:

The Millers own property on the east side of Colfax Avenue, a street which the City of Los Angeles seeks to widen. The City has filed a condemnation action to take the front 20 feet of the Millers' property. The Millers are part of an assessment district and will be charged an amount commensurate with their benefit from the street widening pursuant to the Improvement Act of 1911 (California Streets and Highways Code § 5000 et seq.).

The Millers filed an action under 42 U.S.C. § 1983 in the district court claiming that the City's assessment is an unconstitutional taking. The district court dismissed the action for lack of jurisdiction. We affirm.

The district court's decision on subject matter jurisdiction is reviewed de novo. *Clayton v. Republic Airlines, Inc.,* 716 F.2d 729, 730 (9th Cir.1983). Taxpayers are barred by the principle of comity from asserting section 1983 actions against the validity of state tax systems in federal court. *Fair Assessment in Real Estate Ass'n v. McNary,* 454 U.S. 100, 116, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981). If the state remedies available to the taxpayer are "plain, adequate, and complete," then the taxpayer is precluded from bringing an original action challenging the tax in federal court. Id. The state remedies are plain, adequate, and complete if they provide the taxpayer with a full hearing and judicial determination at which the taxpayer may raise any federal constitutional objections to the tax. *Rosewell v. LaSalle National Bank,* 450 U.S. 503, 514, 101 S.Ct. 1221, 1229, 67 L.Ed.2d 464 (1981).

The power to create special assessment districts to pay the cost of street improvements is a "legislative process grounded in the taxing power of the sovereign." *Dawson v. Town of Los Altos Hills,* 16 Cal.3d 676, 683, 129 Cal.Rptr. 97, 547 P.2d 1377 (1976). See *Rust v. Johnson,* 597 F.2d 174, 177 (9th Cir.), cert. de-

nied, 444 U.S. 964, 100 S.Ct. 450, 62 L.Ed.2d 376 (1979). The *McNary* principle of comity, therefore, applies to this peculiarly local and state form of taxation.

The Millers have sufficient state remedies. They may protest the proposed assessment within the City's legislative body. California Streets and Highways Code § 5220–5227. If the assessment is established over their objections, they may appeal to the legislative body contesting the amount of assessment. California Streets and Highway Code § 5360–5367. In the event of an adverse decision, the Millers may seek review in state court. See *Dawson,* 16 Cal.3d at 683–85, 129 Cal. Rptr. 97, 547 P.2d 1377; *Jeffrey v. City of Salinas,* 232 Cal.App.2d 29, 42 Cal.Rptr. 486, 491 (1965). California's state courts allow actions to vindicate federal rights under section 1983. *Martinez v. California,* 444 U.S. 277, 283–84, n. 7, 100 S.Ct. 553, 558, n. 7, 62 L.Ed.2d 481 (1980); *Williams v. Horvath,* 16 Cal.3d 834, 129 Cal. Rptr. 453, 548 P.2d 1125 (1976). The state remedies available to the Millers preclude them from seeking review of their special assessment in federal court.

AFFIRMED.