George L. MOORE, III, Plaintiff,

v.

Ray K. KAMIKAWA, in his individual capacity; Lorraine Tomita, in her individual capacity; Ronald T. Yabe, in his individual capacity; W. Yoshioka, in her individual capacity, Defendants.

Civ. No. 95–00343 ACK.

United States District Court,
District of Hawai'i.

Sept. 8, 1995.

George L. Moore, III, Ocean View, HI, pro se.

George E. Hilty, Attorney General, Honolulu, HI, for Ray K. Kamikawa, Lorraine Tomita, Ronald T. Yabe, W. Yoshioka.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS BACKGROUND

KAY, Chief Judge.

On May 8, 1995, Plaintiff George L. Moore, a taxpayer and owner/chef of a restaurant, filed a complaint against Defendants Ray Kamikawa, Lorraine Tomita, Ronald Yabe and Wendy Yoshioka, four employees of the Hawaii Department of Taxation, claiming that the collection of Hawaii's general excise tax violates his constitutional "right to labor in an unregulated occupation." Complaint, Exhibit C.

In his complaint, Plaintiff seeks a refund of amounts of general excise tax he paid for 1993 and 1994 and damages, asserting violations of his constitutional rights arising from Defendants' failure to refund the amounts demanded.

On May 30, 1995, Defendants filed a motion to dismiss or in the alternative for summary judgment. Defendants' motion came on for hearing before the Court on September 6, 1995. The Court now grants Defendants' motion to dismiss.

### FACTS

On January 6, 1995, Plaintiff sent a letter to the Hawaii District Office of the Department of Taxation in Hilo, Hawaii, claiming an exemption from Hawaii's general excise tax and seeking a refund of the amounts of general excise tax he paid for 1993 and 1994 (a total of $4,112.66). On the back side of Plaintiff's enclosed 1993 and 1994 returns, he based his exemption on the claim that "the right to labor in an unregulated occupation is a fundamental right and not a taxable privelege [sic]." Complaint, Exhibit C. The letter also stated: "You have thirty (30) days to make a written response denying above or your failure to reply will mean you agree with me and will thus send me my full refund." Complaint, Exhibit A.

On February 23, 1995, Plaintiff wrote Richard F. Kahle, Jr., the former Director of Taxation (believing him to be the current Director), stating that he had received no response to his letter dated January 6 and demanding his refund. Subsequently, Plaintiff discovered that defendant Kamikawa is the current Director of Taxation.

On March 8, 1995, defendants Tomita and Yabe wrote Plaintiff, denying his request for a refund and advising him that proposed additional general excise tax assessments would be mailed to him. On March 17, 1995, a notice of assessment of additional general excise tax, in the amount of $242.38, prepared by defendant Yoshioka, was mailed to Plaintiff.

On March 23, 1995, Plaintiff wrote defendants Tomita, Yabe and Yoshioka, demanding again his refund, invoking "estoppel by acquiescence" due to their failure to timely respond to his "30 day demand letter" dated January 6, and threatening suit. *See* Complaint, Exhibit I.

On April 17, a final notice of assessment of additional general excise tax, again in the

amount of $242.38 and prepared by defendant Yoshioka, was mailed to Plaintiff.

On May 8, 1995, Plaintiff filed suit. Count I of Plaintiff's complaint alleges the exchange of letters described above, Defendants' failure to refund Plaintiff the amount demanded, and the consequent violation of Plaintiff's "Substantive Right" to be free from Hawaii's general excise tax. This Count appears to be based on 42 U.S.C. § 1983.

Counts II and III allege that Defendants have conspired to deprive Plaintiff of his constitutional right to be free from Hawaii's general excise tax. These Counts appear to be based on 42 U.S.C. §§ 1983 and 1985(3), and 18 U.S.C. §§ 241 and 242.

In addition, Count III alleges that Defendants have failed "to disclose any mechanism or contract wherein [Plaintiff's] Substantive Rights have been turned into a [taxable] privilege" in violation of the "Fundamental Law ... that we should not defraud or bear false witness against our neighbors (Exodus 20:16; Lev. 19:13)." Complaint, pp. 11–12.

### STANDARD OF REVIEW

Under Fed.R.Civ.P. 12(b)(6), in determining whether a motion to dismiss for failure to state a claim upon which relief can be granted, this Court must accept as true the plaintiff's allegations contained in the complaint and view them in a light most favorable to the plaintiff. *Scheuer v. Rhodes;* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Wileman Bros. & Elliott, Inc. v. Giannini,* 909 F.2d 332, 334 (9th Cir.1990); *Shah v. County of Los Angeles,* 797 F.2d 743, 745 (9th Cir.1986). Thus, the complaint must stand unless it appears beyond doubt that the plaintiff has alleged no facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1990). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *Balistreri,* 901 F.2d at 699; *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533–34 (9th Cir.1984).

In essence, as the Ninth Circuit has stated, "[t]he issue is not whether a plaintiff's success on the merits is likely but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his claims." *De La Cruz v. Tormey,* 582 F.2d 45, 48 (9th Cir.), *cert. denied,* 441 U.S. 965, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1979). The Court must determine whether or not it appears to a certainty under existing law that no relief can be granted under any set of facts that might be proved in support of plaintiffs' claims. *Id.*

A motion under Rule 12(b)(6) should also be granted if an affirmative defense or other bar to relief is apparent from the face of the complaint, such as absolute immunity or the statute of limitations. 2A J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice,* ¶ 12.07 at 12–68 to 12–69 (2d ed. 1991 & supp. 1191–92) (citing *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)).

### DISCUSSION

### I. MOTION TO DISMISS COUNT I

In Count I, Plaintiff attacks Hawaii's general excise tax, claiming that "[t]he right to labor in an unregulated occupation is a fundamental right and not a taxable privilege." Complaint, ¶ 11.a. Inasmuch as Plaintiff cites 42 U.S.C. § 1983 in paragraph 25 of his Complaint, under the heading "The Remedial Law," the Court will construe Count I as a claim under 42 U.S.C. § 1983 against the validity of Hawaii's general excise tax. For the following reasons, the Court dismisses Count I for lack of subject matter jurisdiction.

### A. Count I is Barred by the Principle of Comity

In *Fair Assessment in Real Estate Assoc., Inc. v. McNary,* 454 U.S. 100, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981), Missouri state taxpayers brought suit under the Civil Rights Act (42 U.S.C. § 1983) against various county officials, claiming overassessment of property taxes and seeking actual and punitive damages. The United States Supreme Court rejected the taxpayers' suit, holding that "taxpayers are barred by the principle

of comity from asserting § 1983 actions against the validity of state tax systems in federal courts." *Id.* at 116, 102 S.Ct. at 186.

The Court reasoned as follows:

> The recovery of damages under the Civil Rights Act first requires a "declaration" or determination of the unconstitutionality of a state tax scheme that would halt its operation. And damages actions, no less than actions for an injunction, would hale state officers into federal court every time a taxpayer alleged the requisite elements of a § 1983 claim. We consider such interference to be contrary to '[t]he scrupulous regard for the rightful independence of state governments which should at all times actuate the federal courts.'

*Fair Assessment,* 454 U.S. at 115–16, 102 S.Ct. at 186.

■ State taxpayers "must seek protection of their federal rights by state remedies, provided of course that those remedies are plain, adequate, and complete." *Fair Assessment,* 454 U.S. at 116, 102 S.Ct. at 186.

Similarly, in *Miller v. City of Los Angeles,* 755 F.2d 1390, 1391 (9th Cir.1985), *cert. denied,* 474 U.S. 995, 106 S.Ct. 408, 88 L.Ed.2d 359 (1985), the district court had dismissed for lack of subject matter jurisdiction an action by property owners, under 42 U.S.C. § 1983, claiming that the City's special assessment for street widening was unconstitutional. Citing *Fair Assessment,* the Court affirmed, stating:

> If the state remedies available to the taxpayer are "plain, adequate, and complete," then the taxpayer is precluded from bringing an original action challenging the tax in federal court. The state remedies are plain, adequate, and complete if they provide the taxpayer with a full hearing and judicial determination at which the taxpayer may raise any federal constitutional objections to the tax.

*Miller,* 755 F.2d at 1391 (citations omitted); *see also Newton v. Poindexter,* 578 F.Supp. 277 (E.D.Cal.1984) (dismissing taxpayers' § 1983 action for lack of subject matter jurisdiction under *Fair Assessment*).

Here, therefore, Plaintiff's § 1983 claim against the validity of Hawaii's general excise tax is barred unless the available state remedies are not "plain, adequate, and complete." They are.

By statute in Hawaii, Plaintiff may challenge the validity of a general excise tax assessment by two alternative means. First, he can pay the tax and then appeal to the district board of review or directly to the Tax Appeal Court. Haw.Rev.Stat. §§ 237–42, 235–114 (Supp.1992). Alternatively, he can pay the tax under protest and then commence an action in the Tax Appeal Court within 30 days of payment to recover the amounts paid. Haw.Rev.Stat. § 40–35 (1995). In the Tax Appeal Court, Plaintiff may raise any constitutional objections he has to the assessment. Haw.Rev.Stat. § 232–13 (1992). If still aggrieved, Plaintiff may appeal to the Hawaii Supreme Court. Haw.Rev.Stat. § 232–19 (1992).

The state remedies available to Plaintiff thus bar him from presently seeking review of his general excise tax assessment in federal court.

### B. *Count I is Barred by the Tax Injunction Act*

■ Count I of Plaintiff's Complaint is barred also by the Tax Injunction Act (28 U.S.C. § 1341), which states:

> The district courts shall not enjoin, suspend, or restrain the assessment, levy or collection of any tax under State law where a plain, speedy, and efficient remedy may be had in the courts of such State.

"Plain, adequate and complete" for purposes of comity means the same as "plain, speedy and efficient" for purposes of the Tax Injunction Act. *Fair Assessment in Real Estate Assoc., Inc. v. McNary,* 454 U.S. 100, 116 n. 8, 102 S.Ct. 177, 186 n. 8, 70 L.Ed.2d 271 (1981); *Newton v. Poindexter,* 578 F.Supp. 277, 280 (E.D.Cal.1984).

Furthermore, "although the language of the Act does not specifically cover actions for refund or damages, federal court consideration of such cases must be barred lest the Tax Injunction Act be deprived of its full effect." *Marvin F. Poer and Co. v. Counties of Alameda,* 725 F.2d 1234 (9th Cir.1984) (affirming district court's dismissal, pursuant

to the Tax Injunction Act, of action challenging constitutionality of California's Proposition 13).

Count I of Plaintiff's Complaint is thus barred by the Tax Injunction Act.

## II. MOTION TO DISMISS COUNTS II AND III

In Counts II and III, Plaintiff alleges that all of the Defendants, including defendant Kamikawa, the subject of Count II, conspired to deprive him of his right not to have to pay Hawaii's general excise tax. The Court will consider Plaintiff's claims of conspiracy in Counts II and III under 42 U.S.C. §§ 1983 and 1985, and 18 U.S.C. §§ 241 and 242.[1] Finally, the Court will consider Plaintiff's claim in Count III that Defendants failed to disclose any conversion of his "Substantive Rights" into a taxable privilege.

### A. 42 U.S.C. § 1983

To the extent that Counts II and III are based on 42 U.S.C. § 1983, they are barred by the principle of comity and by the Tax Injunction Act, per the discussion in Section I above.

Moreover, even assuming subject matter jurisdiction over these Counts under 42 U.S.C. § 1983, Plaintiff's conclusory allegations that Defendants conspired to deprive him of his right not to be subject to Hawaii's general excise tax are insufficient to support a § 1983 claim. *See Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir.1980); *Finley v. Rittenhouse,* 416 F.2d 1186 (9th Cir.1969) (conclusory allegations of due process denials insufficient to support § 1983 claim).

### B. 42 U.S.C. § 1985

Subsection (3) of 42 U.S.C. § 1985— which provides that where two or more persons conspire to deny any person equal protection, the injured party may have an action for damages—is the only subsection possibly applicable to Plaintiff's claims of conspiracy in Counts II and III. This subsection, however, requires a "racially or otherwise 'invidi-

ously discriminatory animus' behind the conspirator's action." *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir.1980) (citing *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971) and affirming district court's dismissal of § 1985(3) claim because plaintiff failed to allege facts showing such invidiousness).

Here, Plaintiff has failed to allege any facts showing any "invidiously discriminatory animus" on the part of Defendants. Indeed, the Court notes that Plaintiff's claim of exemption from a generally applicable tax itself seeks preferential treatment. Thus, to the extent Counts II and III are based on 42 U.S.C. § 1985(3), they fail to state a claim.

### C. 18 U.S.C. §§ 241 and 242

Title 18 U.S.C. § 241 makes it a crime for two or more persons to conspire to deprive another of rights secured by the Constitution or laws of the United States. Section 242 makes it a crime to deprive another of such rights, under color of law, on account of alienage, color or race.

"These criminal provisions, however, provide no basis for civil liability." *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir.1980). Thus, to the extent Counts II and III are based on 18 U.S.C. §§ 241 or 242, these Counts are dismissed for lack of jurisdiction.

### D. Defendants' Failure to Disclose

Plaintiff also alleges in Count III that Defendants failed to disclose "any mechanism or contract wherein [his] Substantive Rights have been turned into a privilege" and prays for "[i]mmediate disclosure of any colorable jurisdiction wherein [his] Substantive Rights may have been converted to privilege." Complaint, pp. 11–12 and 15.

As best as the Court can discern, this claim appears to be a request that Defendants disclose to Plaintiff all instances of taxation in violation of his rights. Plaintiff, however, cites no legal basis for such a request, and the Court knows of none. Plaintiff's allegations thus fail to state a claim.

---

1. In the section in his Complaint entitled "The Remedial Law," Plaintiff cites also 18 U.S.C. § 1512, which makes it a crime to tamper with witnesses. Even assuming the existence of a private right of action under this section, Plaintiff has alleged no facts raising such a claim.

The Court otherwise finds no legal bases upon which any of Plaintiff's claims in Counts I through III of his Complaint may be maintained.

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' motion to dismiss as to all counts, one through three, of Plaintiff's complaint.

IT IS SO ORDERED.