Neil G. VANDER LINDEN, Luther C. Turner, and Michael T. Rose, individually and on behalf of all taxpayers and voters similarly situated, Plaintiffs,

v.

John F. WILBANKS, Richard G. Waring, III, William S. Branton, Jr., Bill Branton for Senate Campaign Committee and Agents and Contributors thereof, Charles Ferillo, Ferillo and Associates, Video Actors John Doe and Mary Roe 1 through 10, Total Reach, Inc., Bill Collins, Berlin G. Myers, Thomas W. Bailey, James B. Waring, Sue Sanders, Rollins Edwards, Stanley Tucker, and Summerville Communications, Inc., Defendants.

No. C/A 2:00–1230–18.

United States District Court,
D. South Carolina,
Charleston Division.

Dec. 6, 2000.

M. Dawes Cooke, Jr., Charleston, SC, Michael T. Rose, Summerville, SC, for Plaintiffs.

David L. Morrison, Columbia, SC, Troy Knight, Summerville, SC, F. Earl Ellis, Jr., Columbia, SC, Thomas L. Williams, Summerville, SC, John J. Kerr, Charleston, WV, for Defendants.

## ORDER

NORTON, District Judge.

This matter is before the court on defendants Bill Collins and Summerville Communications, Incorporated's ("Summerville Communications") Motion to Dismiss for Lack of Jurisdiction and Failure to State a Cause of Action; defendants J. Wilbanks, R. Waring, B. Myers, T. Bailey, J. Waring, S. Sanders, R. Edwards, and S. Tucker's Motion to Reconsider and to Dismiss for Lack of Service; defendants Charles Ferillo and Ferillo and Associates' Motion to Reconsider and Dismiss for Lack of Proper Service and for Lack of Jurisdiction and Failure to State a Cause of Action; and defendant Total Reach, Incorporated's ("Total Reach") Motion to Reconsider and Dismiss for Lack of Proper Service and to Dismiss for Failure to State a Cause of Action. The court heard oral arguments on some of these motions on November 8, 2000, and ruled on the remaining motions based on the parties' submitted briefs.

## I. Background

This claim arose over events related to the state senate campaigns of then state senator Michael T. Rose ("Rose") and William S. Branton ("Branton"). The two candidates were running in a special election called in Senate District #38 as a result of redistricting. In support of his candidacy, Branton formed the Bill Branton for Senate Campaign Committee ("Committee"). The Committee and Branton hired Charles Ferillo ("Ferillo") and his company, Ferillo and Associates, to write, produce, and direct campaign advertisements. Ferillo and his company then hired Total Reach to direct the placing of cable television advertisements targeting the voters of Senate District #38. Branton and Ferillo also asked Richard Waring, III, ("Waring") the Fire Chief and Public Safety Director of the Summerville Fire Department, to appear in advertisements supporting Branton's candidacy. These commercials were filmed at the Summerville Fire House. Although Mayor Myers and Town Administrator Wilbanks were advised that Waring planned to film political advertisements at the Fire House, they did nothing to prevent this activity.

In one of these commercials, Waring stated that Rose had missed 41 percent of the votes taken in the South Carolina State Senate. This statement also appeared on bumper stickers and in newspaper advertisements. Further, Branton and Ferillo produced other campaign commercials in which the actors stated that Rose had missed 41 percent of the votes taken in the State Senate.

On August 12, 1997, Rose was defeated in the local election. After the election, Rose continued to complain about the alleged abuses that took place during the campaign. On April 21, 1998, a special town council meeting was called in which Mayor Myers and Town Administrator Wilbanks addressed the council. Wilbanks allegedly denounced Rose and Luther Turner ("Turner") for their complaints and allegedly accused them of conducting a smear campaign on the town. On April 24, 1998, the *Journal Scene,* a Summerville newspaper, published the complete statements made by Wilbanks at the meeting.

## II. Legal Analysis

### A. Motion to Dismiss for Lack of Jurisdiction and Failure to State a Cause of Action–Bill Collins and Summerville Communications

The Federal Rules of Civil Procedure provide for the dismissal of a claim when a

party fails to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6). The court will not dismiss, however, " 'unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. . . .' " *Comet Enters., Ltd. v. Air–A–Plane Corp.,* 128 F.3d 855, 860 (4th Cir.1997) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Further, the complaint is viewed in the light most favorable to the plaintiff. *See Smith v. Sydnor,* 184 F.3d 356, 361 (4th Cir.1999).

In this case, plaintiffs claim that defendants Summerville Communications, the publisher of the *Journal Scene,* and Bill Collins, the editor of the newspaper, are civilly liable under 18 U.S.C. § 241 (" § 241") for conspiring against the rights of voters. Defendants assert, however, that plaintiffs have not stated a proper claim because § 241 is a criminal statute and cannot be the basis for civil liability. Defendants listed many cases to support their assertion that § 241 only provides for criminal liability. *See, e.g., Moore v. Kamikawa,* 940 F.Supp. 260, 265 (D.Haw. 1995). Plaintiffs have failed to cite even one case disputing defendants' legal precedent.

Plaintiffs argue, however, that civil liability is proper because they are claiming jurisdiction under 42 U.S.C. § 1983 (" § 1983"), which allows for civil liability. However, in order to claim jurisdiction under § 1983, plaintiffs must allege that defendants are state actors or that they acted under color of state law. *See* 42 U.S.C. § 1983 (1994); *DeBauche v. Trani,* 191 F.3d 499, 507 (4th Cir.1999). The Fourth Circuit has concluded that there are only four instances when private action can be considered state action:

> (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the

state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen. *Id.* at 507. The court added: "If the conduct does not fall into one of these four categories, then the private conduct is not an action of the state." *DeBauche,* 191 F.3d at 507–08 (internal quotation marks and citations omitted).

While plaintiffs in this case allege that the newspaper and its editor worked in "joint cooperation" with Waring, they have not alleged any facts that would meet the Fourth Circuit's test for finding state action. Plaintiffs allege that newspaper advertisements carried the allegedly false statement that Rose had missed 41 percent of the votes of the State Senate. (Complaint ¶ 68). Plaintiffs also claim that defendants were instrumental in getting these false and fraudulent statements onto the property of voters, presumably through the publication of Branton's paid political advertisements in the *Journal Scene* and the delivery of the newspaper. (Complaint ¶ 68). Plaintiffs never even made an allegation that defendants were coerced by the state into publishing the advertisements or that the state had delegated any power to defendants. Rather, the allegations in the complaint show that defendants, like most if not all of the newspaper publishers around the country, published a paid political advertisement and then delivered the newspaper to its subscribers without help or interference from the state. Defendants have alleged no facts establishing state action and therefore civil liability under § 241 may not be invoked under § 1983. As a result, plaintiffs have failed to state a claim upon which this court can grant relief for civil liability. *See City of Greenwood v. Peacock,* 384 U.S. 808, 830, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966); *Willing v. Lake Orion Community Schools Bd. of Trustees,* 924 F.Supp. 815, 818 (E.D.Mich.1996); *Christian Populist Party of Arkansas v. Secre-*

*tary of State of State of Arkansas*, 650 F.Supp. 1205, 1214 (E.D.Ark.1986).

 Once the federal question claim under § 241 has been dismissed, this court lacks subject matter jurisdiction over the purely state law claim of defamation. The Fourth Circuit has found that libel and slander claims are state law claims and, absent diversity jurisdiction, should be heard by state courts. *See Wells v. Liddy*, 186 F.3d 505, 518 n. 10 (4th Cir.1999); *R.H. Bouligny, Inc. v. United Steelworkers of Am.*, 336 F.2d 160 (4th Cir.1964). Plaintiffs imply that federal question jurisdiction exists because plaintiffs were exercising their First Amendment right to petition the government, and defendants were supposedly retaliating against them because of the exercise of their right. (Plaintiffs' Memo. in Opp. to Motion to Dismiss at 3–4). However, under the well-pleaded complaint rule, the federal question must be apparent on the face of plaintiffs' complaint in order for this court to have jurisdiction. *See Owen v. Carpenters' Dist. Council*, 161 F.3d 767, 772 (4th Cir. 1998). On the face of their complaint, plaintiffs are simply alleging a state law claim of defamation, (Complaint ¶¶ 75–81), this court lacks subject matter jurisdiction, and therefore dismisses this claim without prejudice.

### B. Motion to Reconsider and to Dismiss for Lack of Service

 Defendants[1] assert that plaintiffs failed to show good cause for an extension to serve process and therefore should not have received a sixty day extension to serve defendants. The Federal Rules of Civil Procedure state that if service of process is not made within 120 days of the filing of the complaint,

the court ... shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m). Although some circuits have held that the district court has discretion to grant an extension of time without a showing of good cause, the Fourth Circuit has stated: "Whether the court acts before or after the deadline for service has passed, however, the court may only grant the extension for good cause. See Fed.R.Civ.P. 4(m)."[2] *Mendez v. Elliot*, 45 F.3d 75, 79 (4th Cir.1995).

 In this case, plaintiffs filed suit on April 21, 2000, and, under Rule 4(m), service of process had to be completed by August 19, 2000. On August 16, 2000, plaintiffs secured new local counsel, who immediately filed an *ex parte* motion asking for a sixty day extension to serve process. This motion was granted by Judge P. Michael Duffy on August 18, 2000. In their motion, plaintiffs requested more time because there were over fifteen defendants to serve by August 19, and they wanted to attempt to secure waivers of service by some or all of the defendants. No other reason was given in the motion to explain or justify the delay. During the November 8, 2000, hearing, this court asked plaintiffs if they had a good cause justification for the failure to serve defendants. Counsel was unable to produce any reason why these defendants were not served on or before August 16, 2000. As defendants noted, plaintiffs chose the number of defendants to sue, and they knew from April 21, 2000, when they filed suit, that they would need to serve process on

---

1. These defendants include John Wilbanks, Richard Waring, III, Berlin Myers, Thomas Bailey, James Waring, Sue Sanders, Rollins Edwards, Stanley Tucker, Summerville Communications, Charles Ferillo, Ferillo and Associates, and Total Reach.

2. Although there are some unpublished Fourth Circuit opinions that cast doubt on *Mendez*, unpublished opinions are not binding precedent and should only be used and quoted in unusual situations. *See Hogan v. Carter*, 85 F.3d 1113, 1118 (4th Cir.1996). There is no published Fourth Circuit opinion repudiating *Mendez*.

these defendants. (Def. Memo. in Supp. of Motion to Reconsider at 6). Further, it is uncontested that all defendants lived in South Carolina, were well known to plaintiffs, and were available for service. Because plaintiffs have failed to show good cause for their delay, defendants' motion for reconsideration is granted and the claim is dismissed without prejudice as to these defendants for plaintiffs failure to comply with Rule 4(m) and serve defendants by August 19, 2000.

However, even if the Fourth Circuit were to decide that a showing of good cause was not required under Rule 4(m), the claims against defendants should still be dismissed without prejudice because plaintiffs failed to serve defendants during the sixty day extension granted by Judge Duffy.[3] Plaintiffs claimed that all of defendants received Notices of Lawsuit and Requests for Waiver of Service of Summons and Waiver of Service and that "this was virtually effective service." (Plaintiffs' Nov. 13 Memo. in Opp. to Motion to Dismiss at 2, 7). Further, plaintiffs argued that they relied on defendants' actions in failing to personally serve them. (Plaintiffs' Nov. 13 Memo. in Opp. to Motion to Dismiss at 9). Plaintiffs stated that they received Return Receipts from all of the defendants but one, and that Mr. Morrison, one of defendants' lawyers, contacted plaintiffs asking for documents to be faxed over to him. Further, plaintiffs claimed that in Defendants' Motion to Reconsider and Motion to Dismiss for Lack of Service, defendants never mentioned that they had not been served at that time. (Plaintiffs' Nov. 13 Memo. in Opp. to Motion to Dismiss at 9). Plaintiffs asserted that they "relied on the defendants to forego making additional efforts to serve the defendants." (Plaintiffs' Nov. 13 Memo. in Opp. to Motion to Dismiss at 9). As a result of these circumstances, plaintiffs requested an additional extension of time to serve process, arguing that they had shown good cause for their further delay.

■ However, the facts show that plaintiffs have not shown good cause for the additional delay as the defendants never indicated to plaintiffs either by words or actions that they were waiving service of process. Although Rule 4(d) provides for waiver of service, if the defendant does not waive service then the plaintiff must personally serve the defendant, although the defendant must bear all costs associated with service. Fed.R.Civ.P. 4(d). In this case, except for Total Reach, defendants did not return the waivers. (Response to Plaintiffs' Nov. 13 Memo. in Opp. to Motion to Dismiss at 8). During the same period, defendants filed a Motion to Dismiss for Lack of Service, demonstrating their intent to contest personal jurisdiction. However, even though defendants' waivers had not been returned, plaintiffs never attempted to effect personal service on any of defendants during the sixty day extension. (Response to Plaintiffs' Nov. 13 Memo. in Opp. to Motion to Dismiss at 10). In fact, as noted by defendants in their memorandum filed November 27, 2000, even after 213 days from the filing of the Complaint, plaintiffs had "never made an attempt to personally serve [defendants] with the Summons and Complaint." (Response to Plaintiffs' Nov. 13 Memo. in Opp. to Motion to Dismiss at 13). Plaintiffs failed to present a good cause reason for not personally serving defendants before the end of the sixty day extension when it should have become apparent that plaintiffs would not receive waivers of service from defendants. Therefore this court denies plaintiffs request for an additional extension of time to serve defendants. As a result, because defendants were not served during the sixty day extension and because good cause was not shown to warrant the original sixty day extension, de-

---

**3.** Plaintiffs did receive a waiver of service from Total Reach. (Plaintiffs' Nov. 13 Memo. in Opp. to Motion to Dismiss at 2). However, as will be addressed in Section C, plaintiffs' claim against Total Reach is dismissed on other grounds.

fendants' Motion to Dismiss for Lack of Service is granted.

### C. Motions to Dismiss for Failure to State a Cause of Action-Total Reach

 In addition to asking for dismissal based on lack of service, Total Reach also moved for dismissal based on plaintiffs' failure to state a cause of action against it. Total Reach, a cable advertising company, argued that it should be dismissed from this lawsuit because it is not mentioned in any of the six causes of action. The pleading requirements under the Federal Rules of Civil Procedure are not onerous. The Rules require only that the pleadings include a short and plain statement of jurisdictional grounds, a short and plain statement of the "claim showing that the pleader is entitled to relief," and a demand for relief. Fed.R.Civ.P. 8(a)(1). However, the plaintiff must provide the court with a short and plain statement of why he or she is entitled to relief as to each defendant that is being sued. In this case, plaintiffs have failed to include Total Reach in any of the six causes of action stated in their Complaint.

Total Reach is only mentioned four times in the Complaint. Paragraph twelve of the Complaint noted that Total Reach was a cable advertising company. Paragraph twenty-seven stated that Branton retained the services of Total Reach to place advertisement on cable. Paragraph thirty-three stated once again that Total Reach was a cable television advertising company and that it was working on behalf of the Branton campaign placing advertisements on cable television. Finally, in paragraph thirty-five, plaintiffs noted that Total Reach placed commercials on cable featuring Waring. However, from paragraph forty-eight through paragraph eighty-one, where plaintiffs listed their six causes of action against defendants, defendant Total Reach is not mentioned even one time. Simply stating that defendant is a cable advertising company working for the Branton campaign does not show this court why plaintiffs are entitled to any relief against this defendant. Plaintiff has failed to meet the light burden imposed by Rule 8(a)(1), and this claim should therefore be dismissed for failure to state a cause of action.

### III. Conclusion

For the reasons set forth above, it is therefore,

**ORDERED**, that Defendants Bill Collins and Summerville Communications' Motion to Dismiss for Failure to State a Cause of Action and for Lack of Subject Matter Jurisdiction be **GRANTED**. It is furthered **ORDERED** that Defendants Wilbanks, R. Waring, Myers, Bailey, J. Waring, Sanders, Edwards, Tucker, Ferillo, Ferillo and Associates, and Total Reach's Motion to Reconsider and Dismiss for Lack of Service be **GRANTED**. And it is **ORDERED** that Defendant Total Reach's Motion to Dismiss for Failure to State a Cause of Action be **GRANTED**.

**AND IT IS SO ORDERED.**