**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 13, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PATRICK WOOD,

     Plaintiff - Appellant,

v.

KEVIN MILYARD,
Assistant/Associate Warden;
REBECCA RODENBECK,
Administrative Head; LT. THOMAS
BENEZE, Intelligence Officer; LT.
KEN TOPLISS, Hearing Officer;
OLATHE MURPHY, Case Manager;
RANDY FOSHEE, Associate Warden;
MAJOR LINDA MAIFELD,
Administrative Head or Designee;
CUSTODY/CONTROL MANAGER;
MAJOR TERRY BARTRUFF,
Administrative Manager;
LIEUTENANT ROBERT FAZZINO,
Disciplinary Officer or Shift
Commander; COLORADO
DEPARTMENT OF CORRECTIONS;
COLORADO TERRITORIAL
CORRECTIONAL FACILITY;
STERLING CORRECTIONAL
FACILITY,

     Defendants - Appellees.

No. 10-1169
(D.C. No. 09-CV-00806-WYD-MJW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.[**]

Plaintiff-Appellant Patrick Wood, an inmate appearing pro se, appeals from the district court's dismissal of his civil rights complaint and action with prejudice. The complaint, brought under 42 U.S.C. § 1983, alleges that various Defendants, including several employees of the Colorado Department of Corrections ("CDOC") and the CDOC itself, violated Mr. Wood's constitutional rights. 1 R. 8. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Background

The parties are familiar with the facts so we need not restate them here. Suffice it to say that Mr. Wood was convicted of fraud in a prison disciplinary proceeding in connection with the validity of a marriage certificate. 1 R. He successfully appealed to the Colorado Court of Appeals, and upon remand, he was found not guilty. Id. 7-8. He sought reimbursement of fees and costs and restoration of privileges lost. Id. 8. The trial court ordered the warden to comply with an administrative regulation concerning restoration, and Mr. Wood was

---

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

awarded some fees and costs, though not all he requested. Id. 8, 34-38.

On April 8, 2009, Mr. Wood filed his complaint against the CDOC and various employees of the CDOC. Id. 4. He contends that various Defendants violated his right to due process and equal protection and to be free from harassment (retaliation). Id. 8-12. The complaint did not specify whether the individual Defendants were sued in their official or individual capacities. Id. 4. Mr. Wood sought monetary damages, reimbursement for various fees and costs, reinstatement of privileges in accordance with Colorado administrative regulation and the Colorado Court of Appeals decision, and "any other relief allowable under law." Id. 13. The latest of the allegedly retaliatory actions identified in the complaint occurred on January 20, 2006. Id. 9.

The magistrate judge recommended that the complaint be dismissed because claims against the CDOC and individual Defendants in their official capacities are barred by Eleventh Amendment immunity and because all other claims were barred by the applicable two-year statute of limitations. Wood v. Milyard, 2010 WL 1235653, at *5-9 (D. Colo. Jan. 6, 2010). Over Plaintiff's objections, the district court adopted the recommendation and dismissed the complaint and action for substantially the same reasons. Wood v. Milyard, 2010 WL 1235660, *2-4 (D. Colo. Mar. 19, 2010).

We review de novo the district court's decision to dismiss the complaint. Butler v. Kempthorne, 532 F.3d 1108, 1110 (10th Cir. 2008) (dismissals under

Rule 12(b)(1)); United States ex rel. Lemmon v. Envirocare of Utah, Inc., 614 F.3d 1163, 1167 (10th Cir. 2010) (dismissals under Rule 12(b)(6)).

Discussion

A.    Sovereign Immunity

The Eleventh Amendment, and the concept of sovereign immunity it embodies, bars suits against states absent an express and unambiguous waiver or abrogation by Congress.  See, e.g., Edelman v. Jordan, 415 U.S. 651, 662-63 (1974).  State sovereign immunity is more than immunity from liability—it actually deprives federal courts of subject-matter jurisdiction.  Id. at 678.  The Eleventh Amendment does permit suits for prospective injunctive relief against state officials for violations of federal law, but not for retrospective relief such as money damages.  Frew ex rel. Frew v. Hawkins, 540 U.S. 431, 437 (2004).

Sovereign immunity is not confined to suits in which the State is named as defendant, Edelman, 415 U.S. at 663; state agencies partake in the State's immunity if they are "arms of the state," Ambus v. Granite Bd. of Educ., 995 F.2d 992, 994 (10th Cir. 1993) (en banc) (internal quotation marks and citation omitted).  The CDOC is such an agency.  See Griess v. Colorado, 841 F.2d 1042, 1044-45 (10th Cir. 1988).  Sovereign immunity also extends to state officials sued in their official capacities for retrospective relief.  Edelman, 415 U.S. at 664-67.

Here, Plaintiff brought suit against the CDOC itself, as well as several state

- 4 -

officials. 1 R. 4. The complaint does not identify whether the individual Defendants are sued in their official or individual capacities, and it seeks retrospective relief in the form of damages; any prospective relief sought appears to be based upon state law (state administrative regulations and a Colorado Court of Appeals decision) rather than federal. 1 R. 4, 13. § 1983 does not abrogate state sovereign immunity—indeed, states are not even "persons" within the meaning of § 1983, Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989), and Plaintiff does not argue that Colorado has consented to this suit. Therefore, Colorado's sovereign immunity deprives us of subject-matter jurisdiction over the claims against the CDOC and the official-capacity claims for retrospective relief against the individual Defendants. To the extent that Plaintiff's claims for prospective relief are premised on state law, they are not cognizable under § 1983. Jones v. City and Cnty. of Denver, Colo., 854 F.2d 1206, 1209 (10th Cir. 1988).

B.    Statute of Limitations

The district court affirmed and adopted the magistrate judge's recommendation that the remaining claims be dismissed as time-barred under the applicable two-year statute of limitations. See Milyard, 2010 WL 1235660, at *3-4; Milyard, 2010 WL 1235653, at *6-7. In so doing, the district court noted that "all of the specific, discrete actions detailed in the Complaint" occurred before April 7, 2007—more than two years before this suit was commenced. Milyard,

2010 WL 1235660, at *3.  The court noted that because Plaintiff failed to allege any ongoing violations, his claims would be time-barred even if the "continuing violation" doctrine—under which a claim is not time-barred if the plaintiff shows a series of related acts, one of which occurred before the limitations period ran, or that the defendant maintained a violative policy both during and after the limitations period, see Davidson v. America Online, Inc., 337 F.3d 1179, 1184 (10th Cir. 2003) (citation omitted)—applied to suits brought under § 1983. Milyard, 2010 WL 1235660, at *3.

On appeal, Plaintiff argues that the district court made two errors: (1) in holding that he failed to allege ongoing violations, and (2) in implying that the continuing violation doctrine does not apply to § 1983 suits.  Aplt. Br. 9-10. These arguments are unavailing.

Contrary to Plaintiffs' assertions, the complaint does not allege an ongoing conspiracy or actions that constitute continuing constitutional violations.  Rather, it identifies a series of discrete actions on the part of each Defendant, the latest of which occurred on January 20, 2006.  R. 9.  Therefore, the district court was correct in holding that Plaintiff's cause of action accrued upon the date of the last alleged violation—in this case, January 20, 2006.  Id.  The suit was commenced on April 8, 2009, more than two years after the cause of action accrued.  Because § 1983 claims brought in Colorado are subject to a two-year statute of limitations, see Blake v. Dickason, 997 F.2d 749, 750-51 (10th Cir. 1993), Plaintiff's claims

- 6 -

are time-barred.

We do not reach the question of whether the continuing violation doctrine applies to suits brought under § 1983.  However, even if it did, it would be of no help to Plaintiff here: "a continuing violation claim fails if the plaintiff knew, or through the exercise of reasonable diligence would have known, [he] was being discriminated against at the time the earlier events occurred."  <u>Davidson</u>, 337 F.3d at 1184 (internal quotation marks and citations omitted).  Through the exercise of reasonable diligence, Plaintiff would have been aware at the outset that Defendants' actions were—in his view—retaliatory.  Therefore, even if the continuing violation doctrine were to apply to § 1983 suits, it would not be applicable in this case.

AFFIRMED.  We GRANT leave to proceed IFP and remind Mr. Wood that he is obligated to continue making partial payments until the entire filing fee has been paid.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge