**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 8, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RONALD E. DAVIS,

       Plaintiff - Appellant,

v.

STATE OF CALIFORNIA; CALIFORNIA
FRANCHISE TAX BOARD,

       Defendants – Appellees.

No. 18-3013
(D.C. No. 2:17-CV-02125-JAR-JPO)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **PHILLIPS**, **McKAY**, and **O'BRIEN**, Circuit Judges.

In 2013, the State of California's Franchise Tax Board assessed a tax against

---

[*] Oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). We have decided this case on the briefs.

    This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not encouraged, but not prohibited. Fed. R. App. 32.1. Citation is appropriate as it relates to law of the case, issue preclusion, and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id*.

Ronald E. Davis, a Kansas resident. When he did not pay the tax, the Tax Board issued an order to Bank of America directing it to withhold the tax amount ($719.87) from Davis's account. The Bank did so, but eventually released the money back into his account when the Tax Board withdrew the withholding order.

Davis sued the Tax Board and the Bank in federal court alleging the assessment and withholding of the tax violated his constitutional rights and amounted to fraud. *See* Kan. D. Ct. Case No. 16-CV-2506-CM-JPO. The district judge dismissed the Tax Board on sovereign immunity and comity grounds and granted the Bank's motion for summary judgment. Davis did not appeal. While that case was pending, Davis filed the current action against the Tax Board and the State of California.[1] He claims that in the course of assessing and withholding the tax, they improperly obtained and maintained his personal information, including his social security number, earnings, and address.[2]

---

[1] Davis also named California State Agency Insurer as a defendant. The district judge ordered Davis to show cause why that defendant should not be dismissed as a fictional entity and for failure to properly serve. When Davis did not respond, the judge dismissed the Agency Insurer as a defendant. Davis does not challenge that dismissal.

[2] It appears the judge could have dismissed the current action on the basis of claim-splitting as Davis could and should have pursued his current claims in Kan. D. Ct. Case No. 16-CV-2506-CM-JPO. *See Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011) ("The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit"; "[d]istrict courts have discretion to control their dockets by dismissing duplicative cases."). She also could have dismissed the Tax Board on res judicata/collateral estoppel grounds. Although the Board was dismissed in the prior lawsuit for lack of subject matter jurisdiction, which is not a judgment on the merits, res judicata effect can still be given to such dismissal, limited to the question of jurisdiction. *See Matosantos Commercial Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1209-10 (10th Cir. 2001); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 518 n.8 (10th Cir. 1994).

The district judge granted the State and Tax Board's motion to dismiss under Fed. R. Civ. P. 12(b)(1).[3] She concluded they were entitled to sovereign immunity under the Eleventh Amendment and they had neither waived their immunity nor had Congress abrogated that immunity as to any of Davis's claims.[4]

Davis appeals from that decision. Our review is de novo. *See Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074 (10th Cir. 2004). Because he appears pro se, we have liberally construed his pro se filings, stopping short however of serving as his advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Davis's appellate filings are not a model of clarity. They focus primarily on the propriety of the Tax Board's assessment of the tax, which was the crux of his complaint in Kan. D. Ct. Case No. 16-CV-2506-CM-JPO. That case was ultimately resolved

---

[3] The dismissal was without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216-18 (10th Cir. 2006) (dismissal for lack of jurisdiction must be without prejudice). Nevertheless, it is final and appealable because it "finally disposes of the case so that it is not subject to further proceedings in federal court." *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001).

[4] The judge also decided Davis's claims challenging the use of his private information in administering California's tax system would, as a matter of comity, be more appropriately brought in California state court. *See Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 116 (1981) ("[T]axpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts. Such taxpayers must seek protection of their federal rights by state remedies, provided of course that those remedies are plain, adequate, and complete, and may ultimately seek review of the state decisions in this Court."); *Franchise Tax Bd. of Cal. v. Alcan Aluminum Ltd.*, 493 U.S. 331, 338 (1989) ("To the extent they are available, California's [tax] refund procedures constitute a plain, speedy, and efficient remedy [for the assessment, levy and collection of any tax]."). Because we agree dismissal was appropriate under the Eleventh Amendment, we need not address this alternative ground for dismissal.

against him and he did not appeal.[5]  This case, on the other hand, challenges the Tax Board's collection and maintenance of his personal information in the course of assessing the tax.  But there is a more fundamental problem.  Davis's arguments concerning the propriety of the tax assessment are merit-based.  The judge did not reach the merits but rather dismissed for want of subject matter jurisdiction (sovereign immunity).  As to that ground, we discern three arguments: (1) the State and Tax Board waived their sovereign immunity by ratifying the Fourteenth Amendment and accepting federal funds; (2) § 1983 provides a remedy for unlawful state action at any level of state government; and (3) the State waived its sovereign immunity by adopting a Tort Claims Act.  None are persuasive.

States and their agencies "enjoy sovereign immunity from suit under the Eleventh Amendment."[6]  *See Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012).  "But [that] immunity is not absolute."[7]  *Id*.  By ratifying the Fourteenth

---

[5] Davis claims he did not appeal in that case because he did not have sufficient funds to pay the appellate filing fee.  Whatever the reason, he did not appeal and we will not tolerate a sub-rosa appeal within this appeal.

[6] The judge decided the Tax Board was an arm of the State, *see* Cal. Gov't Code § 15700 ("There is in the state government, in the Government Operations Agency, a Franchise Tax Board . . . ."), and therefore entitled to the same immunity as the State itself.  *See Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000).  Davis does not here challenge her decision.

[7] Under *Ex parte Young*, the Eleventh Amendment does not bar a suit against individual state officers acting in their official capacities if it seeks prospective relief for an ongoing violation of federal law.  *See Muscogee (Creek) Nation*, 669 F.3d at 1166.  *Ex parte Young* does not apply in this case because Davis has sued only the State and its Tax Board.

Amendment, the states limited their immunity, but only as to claims grounded in statutes enacted by Congress under Section 5 of that Amendment. *Id.*; s*ee also Tenn. v. U.S. Dep't of Transp.*, 326 F.3d 729, 733 (6th Cir. 2003); *Nelson v. La Crosse Cnty. Dist. Attorney (State of Wis.)*, 301 F.3d 820, 829 (7th Cir. 2002). Congress's intent to abrogate the states' immunity must be made "unmistakably clear in the language of the statute." *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000) (quotation marks omitted).

The district judge addressed each of Davis's statutory claims—26 U.S.C. §§ 6103 and 7431(a), the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and 42 U.S.C. § 2000d-7. She concluded: Although § 7431(a) provides a cause of action for violations of § 6103 (disclosure of tax return and return information), subsection (a)(1) waives sovereign immunity only as to the United States and subsection (a)(2) does not contemplate liability against a state or its agency. *See Long v. United States*, 972 F.2d 1174, 1177 (10th Cir. 1992). Similarly, the FOIA contains a limited waiver of sovereign immunity as to the United States but does not apply to state governments; as a result, it does not abrogate a state's sovereign immunity. *See Davidson v. Georgia*, 622 F.2d 895, 897 (5th Cir. 1980). Finally, although § 2000d-7 provides a clear and unequivocal waiver of sovereign immunity for violations of federal statutes prohibiting discrimination by recipients of federal funding,[8] *see Lane v. Pena*, 518 U.S. 187, 198 (1996), Davis had

---

[8] 42 U.S.C. § 2000d-7 provides in relevant part:

A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the

(Continued . . .)

- 5 -

not alleged a violation of any anti-discrimination statute or any facts consistent with a discrimination claim. Moreover, Davis had not alleged any other statute "condition[ing] receipt of federal funds on a waiver of sovereign immunity." (R. at 484.) Other than presenting generalized arguments, Davis does not seriously contest the judge's conclusions. Our review reveals them to be correct.

His reliance on 42 U.S.C. § 1983 fares no better. Section 1983 is a "remedial vehicle for raising claims based on the violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016) (quotation marks omitted). It does not abrogate the states' sovereign immunity and neither the states nor their agencies qualify as "persons" under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67, 71 (1989); *Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir. 2011) (unpublished).

Finally, under California's Tort Claims Act, a governmental entity is immune from suit unless the Act or another statute provides otherwise. *See Williams v. Horvath*, 548 P.2d 1125, 1127 (Cal. 1976); *see also* Cal. Gov't Code § 815(a) ("Except as otherwise provided by statute . . . [a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any

---

Rehabilitation Act of 1973 [29 U.S.C.A. § 794], title IX of the Education Amendments of 1972 [20 U.S.C.A. § 1681 et seq.], the Age Discrimination Act of 1975 [42 U.S.C.A. § 6101 et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.], or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance.

other person.").  The judge concluded the Act did not waive the State or Tax Board's immunity as to Davis's claims of general negligence, invasion of privacy, or intrusion upon seclusion because she was not aware of any statutory waiver as to these claims and Davis had not pointed to any.

On appeal, Davis relies on § 815.4, which provides:

A public entity is liable for injury proximately caused by a tortious act or omission of an independent contractor of the public entity to the same extent that the public entity would be subject to such liability if it were a private person.  Nothing in this section subjects a public entity to liability for the act or omission of an independent contractor if the public entity would not have been liable for the injury had the act or omission been that of an employee of the public entity.

The statute is not relevant; the State and Tax Board are not independent contractors. Moreover, because Davis's claims arise out of the Board's assessment and withholding of a tax, they are barred by Cal. Gov't Code § 860.2, which immunizes public entities and employees from liability for injuries caused by "[i]nstituting any judicial or administrative proceeding or action for or incidental to the assessment or collection of a tax" or "[a]n act or omission in the interpretation or application of any law relating to a tax."  *See Rickley v. Cnty. of Los Angeles*, 8 Cal. Rptr. 3d 406, 416-17 (Cal. Ct. App. 2004) (concluding plaintiff's claims for defamation and abuse of process based on the County's reporting of allegedly invalid liens to credit reporting agencies and refusal to remove liens were barred under § 860.2); *Mitchell v. Franchise Tax Bd.*, 228 Cal. Rptr. 750, 751-53 (Cal. Ct. App. 1986) (holding § 860.2 immunizes ministerial as well as discretionary acts and the Tax Board was immune from plaintiffs' tort claims arising out of the Board's tax assessment and lien, although plaintiffs did not dispute that their

claims fell within the statute).

**AFFIRMED**.  The State and Tax Board's motion to take judicial notice of (1) the amended complaint, (2) the judge's order granting the Tax Board's Motion to Dismiss, and (3) the judgment in D. Ct. Case No. 16-2506 is **GRANTED**.  *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (a court may take judicial notice of filings in related cases).

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge